02-11-185-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00185-CR

 

 


 
 
 Melissa Crockett
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 2 OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Melissa Crockett of driving while intoxicated (DWI),
and the trial court sentenced her to 180 days’ confinement.  The trial court
suspended imposition of the sentence for twenty months, placing Appellant on
community supervision.  Appellant brings two points, arguing that the trial
court abused its discretion by excluding her exhibits 7A and 7B.  Because the
trial court’s abuse of discretion was harmless, we affirm the trial court’s
judgment.

On
December 31, 2009, Lewisville Police Officer Jon Martinez made a traffic stop
of Appellant after another driver called 911 and reported that Appellant
was driving erratically.  Martinez asked Appellant if she had any medical
conditions, and Appellant stated that she was undergoing hormonal therapy.  After
conducting field sobriety tests, Martinez arrested Appellant for DWI.  Appellant
agreed to take a breath test and registered .149 and .142.

At
trial, Appellant testified that she had not been intoxicated.  She testified
that she had gone to a restaurant that evening for dinner and that while there,
she had three glasses of wine and a margarita, plus a sip of champagne, over the
course of about four hours.

Appellant
testified that she had hypothyroidism and also testified about her symptoms and
treatment.  She stated that she was undergoing hormone therapy as part of her
treatment.  She also testified that her hypothyroidism caused her to be
fatigued, unable to concentrate, and to have brain fog.  She further testified
that she realized that her medication was not effective on the date of her
arrest when she found that she could not see while driving home on I-35 after
leaving the restaurant.

The
trial court sustained the State’s objections to two medical records exhibits that
Appellant sought to admit.  The first, Exhibit 7A, includes two pages.  The
first page is a copy of a prescription, dated February 19, 2010, for thyroid
medication, and on the page is a handwritten doctor’s note stating, “Please
have patient call office ASAP.  She is overdue for thyroid testing.”  The
second page is a refill request for Appellant’s thyroid medication, dated January
15, 2010.  Exhibit 7B contains thirty-five pages of medical records, including
refill authorization requests, doctor’s notes, lab test confirmations, and lab
evaluations, although, as the State points out, only the first page of 7B, a
refill authorization request and signed prescription, was represented by
defense counsel as 7B when it was admitted for record purposes.

The
State argues that the exhibits were not admissible because they were not
relevant.  The State argues alternatively that even if the records were
admissible, Appellant’s testimony nevertheless essentially encompassed the
evidence that she was attempting to place before the jury in the form of her
exhibits, rendering any error in refusing to admit the records harmless.  Appellant
argues that the excluded exhibits were relevant because they explained her
apparent intoxication and also argues that that they supported and lent
credibility to her testimony explaining her physical condition on the night that
she was arrested.

We
review a trial court’s decision to admit evidence under an abuse-of-discretion
standard.[2]  Under this standard, if
the trial court’s ruling was within the zone of reasonable disagreement, we
will not disturb the ruling.[3]  The medical records were
relevant because they to some degree supported Appellant’s defensive theory.  Appellant’s
medical records dealt with the hypothyroidism diagnosis and treatment and were
accompanied by a proper affidavit in compliance with rule 803(6).[4] 
The records related directly to her defense.  We hold that the trial court abused
its discretion by excluding the medical records.

Having
found error, we must conduct a harm analysis to determine whether the error
calls for reversal of the judgment.[5] 
If the error is constitutional, we apply rule 44.2(a) and reverse unless we
determine beyond a reasonable doubt that the error did not contribute to Appellant=s
conviction or punishment.[6] 
Otherwise, we apply rule 44.2(b) and disregard the error if it did not affect Appellant=s
substantial rights.[7]

Generally,
the erroneous admission or exclusion of evidence is nonconstitutional error
governed by rule 44.2(b) if the trial court=s
ruling merely offends the rules of evidence.[8]  But in addition to her
evidentiary complaint, Appellant preserved her complaint that the trial court’s
exclusion of the records violated her right to present a defense under the Due Process
Clause of the United States Constitution.  Nevertheless, the Texas Court of
Criminal Appeals has held that “the exclusion of a defendant’s evidence will be
constitutional error only if the evidence forms such a vital portion of the
case that exclusion effectively precludes the defendant from presenting a
defense.”[9]

The
exclusion of the two exhibits did not prevent Appellant from presenting her
defense.  While it is true that her testimony was not corroborated by medical
evidence as she preferred, neither was it truly contested.  Additionally, she
was able to testify at trial at length about her diagnosis and condition,
generally and on the night in question.  We therefore hold the error harmless, overrule
Appellant’s two points, and affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 14, 2012









[1]See Tex. R. App. P. 47.4.





[2]Shuffield v. State,
189 S.W.3d 782, 793 (Tex. Crim. App.), cert. denied, 549 U.S. 1056
(2006).





[3]Bigon
v. State, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).





[4]See Tex. R. Evid. 803(6),
902(10).





[5]Tex. R. App. P. 44.2.





[6]Tex. R. App. P. 44.2(a).





[7]Tex. R. App. P. 44.2(b); see
Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied,
526 U.S. 1070 (1999).





[8]See Solomon v. State,
49 S.W.3d 356, 365 (Tex. Crim. App. 2001); see also Walters v. State,
247 S.W.3d 204, 222 (Tex. Crim. App. 2007) (determining that exclusion of
evidence supporting defendant=s
defensive theory was nonconstitutional error).





[9]Potier v. State, 68
S.W.3d 657, 665 (Tex. Crim. App. 2002).